Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| KARLY RIDINGS, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>PEACEHEALTH a corporation,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $300,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

COMES NOW, Plaintiff Karly Ridings, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

## INTRODUCTION

This case addresses the controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation and the unlawful religious discrimination Plaintiff encountered at the hands of her employer, PeaceHealth.

## JURISDICTION, VENUE, AND PARTIES

1.



**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Venue for this action is proper in the District of Oregon. Plaintiff lives in Springfield, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about September 12, 2023.

2.

At all times material to this Complaint, Defendant PeaceHealth was regularly conducting business in the State of Oregon, specifically at the PeaceHealth Riverbend Hospital in Lane County, Oregon.

3.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

4.

Plaintiff worked for approximately three years as a registered nurse for Defendant. During those years, Plaintiff worked on the Mother/Baby unit and was trained to take on other roles, including as a Charge Nurse. She loved her job and had planned to retire from PeaceHealth. Plaintiff was a committed employee and despite the pandemic, worked consistently while having a baby at home, and was pregnant at the time she was placed on unpaid leave. Plaintiff received exclusively positive performance reviews and her patients nominated her for a Daisy Award, which is given to “extraordinary” nurses.

5.

At the time of her placement on unpaid leave, Plaintiff was making approximately $55.00 hourly, totaling approximately $90,000 annually.



**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

6.

Plaintiff is also a devoutly religious member of the Christian faith who endeavors at all times to follow the teachings of Christ.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. For 18 months, Plaintiff scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining if necessary.

9.

Plaintiff provided an exceptional quality of work at the Defendant's hospital. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues. Plaintiff did so with little thought to herself because of her dedication to her work and to the Defendant's patients.

10.

In the summer of 2021, Defendant announced its intent to impose a COVID-19 vaccine mandate. Plaintiff, as a devout Christian, did not believe it was consistent with her faith to take the vaccine. In addition, Plaintiff was pregnant and there had been no studies on the effects of the vaccine on the unborn, and Plaintiff's mother had suffered a severe and life-threatening reaction to the COVID-19 vaccine. Accordingly, Plaintiff applied for a religious exception to the vaccine mandate on or about August 27, 2021. Plaintiff's exception was granted, but instead of providing accommodations to allow her to continue to work, Defendant placed her on indefinite unpaid



**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

leave.

11.

Prior to being placed on unpaid leave, Plaintiff helped with staff shortages by working overtime shifts. Before clocking into her shifts, Plaintiff was screened at the door, donned a mask, and washed her hands, just like all employees throughout the pandemic. Vaccinated and unvaccinated employees worked side by side, taking the same safety precautions, and providing excellent care for their patients. She wore a surgical mask while working and even while taking breaks, distanced from other employees. When Plaintiff submitted her religious exception request, she requested that she be allowed to work in a non-clinical position, or at bedside with extra precautions, as other hospitals in the area were allowing, but Plaintiff was denied these accommodations. Plaintiff was welcomed to work, and to pick up extra shifts until midnight on September 1, 2021, when she was not allowed to enter onto the property.

12.

At the time of these events, Plaintiff was nearing her third trimester in pregnancy and suddenly lost her income, health insurance and benefits. She experienced extreme stress, panic, anxiety, and depression and began having frequent contractions due to the stress. Plaintiff worried for the safety of her baby, which led to more stress.

13.

Despite being on unpaid leave, Plaintiff continued (and still continues) to receive daily automated calls and texts to work from PeaceHealth. When she responded, she was told she was not allowed on the campus. These calls and texts were, and are, a constant reminder that Plaintiff unfairly lost her job and income, was discriminated against, and that no matter how much PeaceHealth needed staff to work, she was not allowed on the grounds. Plaintiff was denied access to her work email and to offsite classes to maintain her mandatory nursing education requirements.



**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Plaintiff was encouraged to apply for remote positions, but then found out that these were also unavailable to her as she was unvaccinated.

14.

Plaintiff gave birth to her baby at PeaceHealth Riverbend hospital, where she had worked. As a patient, she was tested for COVID on arrival, and asked NOT to wear a mask in her room. PeaceHealth allowed Plaintiff to enter the hospital as an unvaccinated, unmasked patient, but if she had entered as an employee, she would have been escorted off the premises. It was traumatic and bittersweet for Plaintiff to be at the hospital. Her coworkers repeatedly asked her when she could return to work because they were so short-staffed.

15.

Although Plaintiff received unemployment benefits and depleted her savings, she could not make ends meet. She was forced to sell her home and move in with family. On February 9, 2022, Plaintiff reached out to PeaceHealth to enquire if she could return to work, as all nurses were wearing N95 masks and COVID positive and symptomatic nurses were being allowed to work. She did not receive a response.

16.

Plaintiff eventually obtained a position working per diem at another hospital that accepted and accommodated her religious exception. However, this employment paid significantly less and offered fewer hours. On April 3, 2023, universal masking requirements were lifted in Oregon. Plaintiff was contacted by PeaceHealth to let her know that accommodations would now be made to unvaccinated employees, who would need to wear an N95 mask. Plaintiff let PeaceHealth know that she was interested in returning and would like a remote position. She has received no further communication from PeaceHealth.



**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

17.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk, to the point where she would not be allowed to return to work or even to be allowed on the premises as an employee.

18.

The Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and an unacceptable retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

19.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered severe economic consequences and emotional distress.

20.

**FIRST CLAIM FOR RELIEF**

**(Unlawful Employment Discrimination Based on Religion**

**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

22.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.



**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

23.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

24.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's placement on unpaid leave, and effective termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

25.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount of no less than $200,000.00 or in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

26.

**SECOND CLAIM FOR RELIEF**

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)**

27.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

28.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held



**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

religious belief in the tenants of Christianity.

29.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

30.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

31.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's placement on unpaid leave and effective unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

32.

As a result of Defendant's violation of Title VII, Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages of no less than $200,000.00 or in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following



**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $300,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 16th day of October, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff



**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999