IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KARLY RIDINGS,

        Plaintiff,

v.

PEACEHEALTH

        Defendant.

Case No. 6:23-cv-01514-MK

ORDER

AIKEN, District Judge.

This case comes before the Court on a Findings and Recommendation filed by Magistrate Judge Mustafa Kasubhai. ECF No. 16. Judge Kasubhai recommends that Defendant's Motion to Dismiss, ECF No. 6, be denied. Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in

enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] sua sponte . . . under a de novo or any other standard." *Id*. at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, Defendant has filed Objections, ECF No. 19, urging the Court to dismiss Plaintiff's religious discrimination claim. Plaintiff has not responded to the Objections and the time for doing so has passed.

The Court has reviewed the record and concludes that Plaintiff's religious discrimination claims are insufficiently pleaded. The burden to allege a religious conflict with an employment duty is minimal. *Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). However, a court need not take "conclusory assertions of violation of [a plaintiff's] religious beliefs at face value." *Id*. "A threadbare reference to the plaintiff's religious beliefs is insufficient to satisfy the first element of a prima facie case," and "Title VII does not protect medical, economic, political, or social preferences." *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *3 (D. Or. July 28, 2023) (internal quotation marks and citations omitted).

The requirement that Title VII plaintiffs "provide more than a recitation of the elements of a prima face case is not an empty formalism." *Gamon v. Shriners Hosp.*

*for Children*, Case No. 3:23-cv-00216-IM, 2023 WL 7019980, at *3 (D. Or. Oct. 25, 2023). "Consistent with this rule, several district courts have dismissed Title VII complaints for making conclusory allegations regarding the plaintiff's religious views that do not describe the conflict between those views and the former employer's policies." *Id*. at *2 (collecting cases). As courts in this District have held, "vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations." *Kather*, 2023 WL 4865533, at *5; *see also Trinh v. Shriner's Hosp. for Children*, Case No. 3:22-cv-01999-SB, 2023 WL 7525228, at *10 (D. Or. 23, 2023) (finding that a complaint failed to state a claim for religious discrimination based on conclusory allegations concerning objections based on "bodily integrity" and "purity of [the plaintiff's] body."); *Craven v. Shriners Hosp. for Children*, Case No. 3:22-cv-01619-IM, 2024 WL 21557 at *4 (D. Or. Jan. 2, 2024) ("Of course, this Court does not question the sincerity of Plaintiff's belief that his 'body is a temple of the Holy Spirit.' But Plaintiff's belief about the composition of his body and that of the vaccine are independent of one another[.]" (internal citation omitted)).

In reviewing the case law, this District has noted that these cases generally fall into three categories: (1) those in which the plaintiffs merely allege a general statement of religious conflict without identifying a conflicting belief; (2) those in which the plaintiffs allege a religious belief coupled with a secular objection; and (3) those in which the plaintiffs allege a religious belief and a general statement that acquiring the vaccine is in conflict with that belief. *See Buss v. PeaceHealth*, No. 6:23-

CV-01128- AA, 2024 WL 3970662, at *3 (D. Or. Aug. 26, 2024) (citing *Prodan v. Legacy Health*, No. 3:23-CV-01195-HZ, 2024 WL 665079, at *3 (D. Or. Feb. 12, 2024) (explaining the three categories of cases).

Here, the Court finds that Plaintiff failed to provide nonconclusory allegations concerning the religious nature of their objection to the vaccine mandate and a conflict between those religious beliefs and the vaccine mandate. At this juncture, their claims appear to fall into the first category of cases, where courts seem generally to be in agreement that a general allegation of religious conflict without identifying a conflicting belief is insufficient to survive a motion to dismiss.

For example, in *Kather v. Asante Health Sys.*, No. 1:22-CV-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023), several plaintiffs alleged that the defendant "exalts itself in purporting to place an unbeliever in a position to judge the Word of God, it is blasphemy, satanic, sinful, untruth, and insultive [sic] trespass." The court concluded that "this allegation only generally emotes religious opposition to Defendant's authority to mandate vaccines" and that the plaintiffs "allege facts that hint at religious beliefs but do not specify how those beliefs conflict with receiving a COVID-19 vaccine." *Id.* Accordingly, the court granted the defendant's motion to dismiss for failure to sufficiently allege religious beliefs in conflict with obtaining the mandated COVID-19 vaccine. Other courts have concluded the same when evaluating similar allegations. *See, e.g., Stephens v. Legacy-GoHealth Urgent Care*, No. 3:23-CV-00206-SB, 2023 WL 7612395 (D. Or. Oct. 23, 2023) (general allegation that the plaintiff was a "devout Christian" and "did not believe it was consistent with

her faith to take the vaccine" insufficient), *report and recommendation adopted sub nom. Stephens v. Legacy Health*, No. 3:23-CV-00206 SB, 2023 WL 7623865 (D. Or. Nov. 14, 2023).

The Court agrees, that, if a plaintiff has plausibly alleged facts showing that her anti-vaccination beliefs are religious in nature, the Court should generally presume those religious beliefs are sincerely held. A plaintiff, however, still must allege sufficient facts to establish their sincere anti-vaccination beliefs are religious in nature.

The Court finds that Plaintiff" allegations are accordingly not sufficient to survive Defendant's motion to dismiss. *See Trinh v. Shriners Hospitals for Children, No. 3:22-cv-01999-SB, at \*10, 2023 WL 7525228, (D. Or. Oct. 23, 2023)* (conclusory "'bodily integrity' and 'purity' objections" insufficient to plead religious belief on motion to dismiss).

## CONCLUSION

For the reasons explained, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED. Plaintiff's' employment discrimination claims under Title VII of the Civil Rights Act of 1964 and ORS § 659A.030 are DISMISSED without prejudice. Judgment shall be entered accordingly.

It is so ORDERED and DATED this  4th  day of November 2024.

                                       /s/Ann Aiken
                                       ANN AIKEN
                                       United States District Judge